1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

MARION LEE CROSS,

               Plaintiff,

    v.

CHUCK ETCHISON; et al.,

               Defendants.

_____/

No. 15-cv-3146 LB

**ORDER OF SERVICE AND PARTIAL DISMISSAL**

[Re: ECF No. 1]

**INTRODUCTION**

Marion Lee Cross, currently a prisoner at the California Correctional Center in Susanville, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983.  He consented to proceed before a magistrate judge. (ECF No. 1 at 4.)  This action is now before the court for review of Mr. Cross' complaint. This order finds Mr. Cross's excessive force claim cognizable, directs the U.S. Marshal to serve process on one defendant and dismisses the other two defendants.

**STATEMENT**

The  complaint alleges that Mr. Cross was "sentenced" by the "Manteca Superior Court" to a "court appointed" drug treatment program called the Jericho Project in Brisbane, California.  (ECF No. 1 at 3.)  While attending the drug treatment program, Mr. Cross "was choked out by the program director, Chuck Etchison on or about 7/31 or 8/1 2014."  (*Id.*)  Mr. Cross further alleges that the Daly City police chief will have "supporting document[s] for this claim."  (*Id.*)  In addition to

15-cv-3146 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

1  naming Mr. Etchison as a defendant, Mr. Cross names Jericho Project Inc. as a defendant "for

2  employing Mr. Etchison." *Id.* Mr. Cross also names "Manteca Superior Court" as a defendant for

3  "sentencing [him] to a program where [he] was physically assaulted and later ignoring written proof

4  of this assault and further sentencing [him] to four yrs. state prison as part of the same case." *Id.*

5  **ANALYSIS**

6  A federal court must engage in a preliminary screening of any case in which a prisoner seeks

7  redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

8  § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

9  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

10  monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se*

11  complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

12  Federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction

13  to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42

14  U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction,

15  but none are applicable to this action.) In simple terms, this action can go forward in federal court if

16  a claim is stated under § 1983; if the complaint does not state a claim under § 1983, the plaintiff

17  should pursue his claim in state court.

18  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

19  secured by the Constitution or laws of the United States was violated, and (2) that the violation was

20  committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

21  (1988).

22  Mr. Cross alleges that he was "choked out" by Mr. Etchison while at the Jericho Project. The

23  constitutional right at issue when force is used on a person depends on the person's status at the time

24  of the incident. The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee

25  from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10

26  (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). The Eighth Amendment's prohibition

27  of cruel and unusual punishments protects a convict from force used maliciously and sadistically for

28  the very purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Mr.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Cross alleges that he was sentenced to the Jericho Project by the state court, which would suggest he

2   was a convict at the relevant time, but it is not necessary to determine Mr. Cross's status for present

3   purposes because (assuming state action existed) an allegation that a defendant choked a plaintiff

4   would suffice to plead a claim under either the Due Process Clause or the Eighth Amendment.

5   Liberally construed, the complaint states a cognizable § 1983 claim against Mr. Etchison for

6   excessive force.

7        There is some question as to whether there was state action.  Mr. Cross alleges that he was

8   physically assaulted by the head of a "court appointed" drug treatment program to which he had

9   been "sentenc[ed]" by a superior court.  (ECF No. 1 at 3.)   The court will assume for present

10  purposes that, liberally construed, these allegations are sufficient to satisfy the second element of a §

11  1983 claim for his claim against Mr Etchison.  Determining whether a private party's conduct

12  should be considered action under color of state law can be a difficult matter.  *See generally*

13  *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-98 (2001)

14  (discussing tests and facts to be considered to determine whether actions taken by private individuals

15  or organizations should be considered to be taken under color of state law).  The determination may

16  involve a detailed inquiry into the facts, many of which are better known to the defendant than the

17  plaintiff, such as the specific relationship between the Jericho Project and the state court that

18  allegedly sentenced the plaintiff to the program.  *See generally Kelly v. N.J. Dept. of Corr.*, 2012

19  WL 6203691, *6 (D. N.J. 2012) (collecting cases and noting that "[f]ederal courts are split on the

20  question of whether organizations that operate halfway houses, and their employees, are state actors

21  for purposes of § 1983").  It therefore is preferable to let the defendant challenge the adequacy of the

22  pleading or proof on this element rather than to attempt to obtain facts via an amended complaint

23  from a plaintiff who may not know the details of the relationship between the state and the private

24  party.

25       The complaint does not state a claim against the Jericho Project, which apparently was named as

26  a defendant merely because it employed Mr. Etchison. There is no respondeat superior liability for

27  the actions of the private entity's employees, i.e., no vicarious liability for the employer simply

28  because it employed the wrongdoer.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir.

1    2012).

2        The complaint does not state a claim against the Manteca Superior Court.  Mr. Cross alleges only

3    that the Manteca Superior Court caused him to be sent to the program at which the alleged wrongful

4    conduct occurred.  Mr. Cross does not allege, for example, that the superior court ordered him to be

5    choked at the Jericho Project or played any role in determining the operations at the Jericho Project.

6    The conduct of which Mr. Cross complains – being choked – simply cannot be attributed to the

7    Manteca Superior Court.  *See Blum v. Yaretsky*, 457 U.S. 991, 1003-05 (1982) (Medicaid recipients

8    challenging decisions made by nursing homes to discharge or transfer them to lower levels of care

9    failed to show that the state or state officials were responsible for those decisions); *id.* at 1003

10   ("[t]his case is obviously different from those cases in which the defendant is a private party and the

11   question is whether his conduct has sufficiently received the imprimatur of the State so as to make it

12   'state' action for purposes of the Fourteenth Amendment").  Just as a sentencing court is not a

13   proper defendant in a routine § 1983 case about particular prison conditions a criminal defendant

14   experiences during the course of his incarceration, the Manteca Superior Court is not a proper

15   defendant in this § 1983 case about the particular conditions experienced at the treatment program to

16   which it sentenced the plaintiff.

17       Finally, Mr. Cross states that he wants to assert a claim for damages based on the Manteca

18   Superior Court "further sentencing [him] to four yrs. state prison as part of the same case."  (ECF

19   No. 1 at 3.)  Mr. Cross cannot challenge his criminal conviction or sentence in this civil rights

20   action.  The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil

21   rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by

22   actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or

23   sentence already has been determined to be wrongful.  *See id.* at 486-87.  A conviction or sentence

24   may be determined to be wrongful by, for example, being reversed on appeal or being set aside

25   when a state or federal court issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a

26   person from bringing an action that – even if it does not directly challenge the conviction or sentence

27   – would imply that the conviction or sentence was invalid.  The practical importance of this rule is

28   that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   have been successfully attacked *before* the civil rights action for damages is filed.  The *Heck* rule

2   was first announced with respect to an action for damages, but the Supreme Court has since applied

3   the rule to an action that sought declaratory relief as well as damages.  *See Edwards v. Balisok*, 520

4   U.S. 641, 648 (1997).  If success in the § 1983 action would "necessarily demonstrate the invalidity

5   of confinement or its duration," the § 1983 action is barred no matter the relief sought (i.e., damages

6   or equitable relief) as long as the conviction has not been set aside.  *Wilkinson v. Dotson*, 544 U.S.

7   74, 81-82 (2005).        If Mr. Cross wants to challenge his state court conviction or sentence in

8   federal court, he may file a petition for writ of habeas corpus after he exhausts state court remedies

9   for each and every claim he wishes to present to the federal court.  *See Preiser v. Rodriguez*, 411

10  U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical

11  imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a

12  speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

**CONCLUSION**

14      1.  Liberally construed the complaint states a cognizable § 1983 claim against Chuck Etchison

15  for excessive force against Mr. Cross.  All other defendants and claims are dismissed.

16      2.  The clerk shall issue a summons and the United States Marshal shall serve, without

17  prepayment of fees, the summons, a copy of the complaint, a copy of all the documents in the case

18  file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon Chuck

19  Etchison, the program director at Jericho Project, 51 Golden Aster Court, Brisbane, CA 94005.

20      3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive

21  motions is set:

22      a.        No later than **October 23, 2015,** the defendant must file and serve a motion for

23  summary judgment or other dispositive motion.  If the defendant is of the opinion that this case

24  cannot be resolved by summary judgment, the defendant must so inform the Court prior to the date

25  the motion is due.  If the defendant files a motion for summary judgment, the defendant must

26  provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time he

27  files such a motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  If the motion is based

28  on nonexhaustion of administrative remedies, the defendant must comply with the notice and

1   procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

2           b.      The plaintiff's opposition to the summary judgment or other dispositive motion must

3   be filed with the court and served upon the defendant no later than **November 20, 2015**.  The

4   plaintiff must bear in mind the notice and warning regarding summary judgment provided later in

5   this order as he prepares his opposition to any motion for summary judgment.

6           c.      If the defendant wishes to file a reply brief, the reply brief must be filed and served

7   no later than **December 4, 2015**.

8       4.  The plaintiff is provided the following notices and warnings about the procedures for

9   motions for summary judgment:

10      The defendants [may make] a motion for summary judgment by which they seek to have your
        case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil
11      Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to
        oppose a motion for summary judgment.  Generally, summary judgment must be granted when
12      there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that
        would affect the result of your case, the party who asked for summary judgment is entitled to
13      judgment as a matter of law, which will end your case.  When a party you are suing makes a
        motion for summary judgment that is properly supported by declarations (or other sworn
14      testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
        specific facts in declarations, depositions, answers to interrogatories, or authenticated
15      documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'
        declarations and documents and show that there is a genuine issue of material fact for trial.  If
16      you do not submit your own evidence in opposition, summary judgment, if appropriate, may be
        entered against you.  If summary judgment is granted, your case will be dismissed and there will
17      be no trial.

18  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

19
        If a defendant files a motion for summary judgment for failure to exhaust administrative
20
    remedies, he is seeking to have the case dismissed.   A plaintiff faced with such a motion can oppose
21
    it using the same methods as described above for other summary judgment motions.  As with other
22
    defense summary judgment motions, if a motion for summary judgment for failure to exhaust
23
    administrative remedies is granted, the case will be dismissed and there will be no trial.
24
        5.  All communications by the plaintiff with the court must be served on a defendant's counsel
25
    by mailing a true copy of the document to the defendant's counsel.  The court may disregard any
26
    document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel
27
    has been designated, the plaintiff may serve a document by mailing a true copy of the document
28
    directly to the defendant, but once a defendant is represented by counsel, all documents must be

UNITED STATES DISTRICT COURT
For the Northern District of California

15-cv-3146 LB
ORDER                                               6

1  mailed to counsel rather than directly to that defendant.

2      6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further

3  court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the

4  parties may conduct discovery.

5      7.  The plaintiff is responsible for prosecuting this case.  The plaintiff must promptly keep the

6  court informed of any change of address and must comply with the court's orders in a timely fashion.

7  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

8  Rule of Civil Procedure 41(b).  The plaintiff must file a notice of change of address in every pending

9  case every time he is moved to a new facility or is released from custody.

10      8.  The plaintiff is cautioned that he must include the case name and case number for this case

11  on any document he submits to the court for consideration in this case.

12  **IT IS SO ORDERED.**

13  Dated: August 25, 2015

14  _____
    LAUREL BEELER
    United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California