UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARION LEE CROSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHUCK ETCHISON; et al.,<br><br>　　　　Defendants.<br>_____/ | No. 15-cv-3146 LB<br><br>**ORDER DENYING REQUEST TO POSTPONE CASE**<br><br>[Re: ECF Nos. 15, 16] |

   Marion Lee Cross filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, claiming that he was assaulted by the defendant, Chuck Etchison, while Mr. Cross was taking part in the Jericho House drug treatment program in Brisbane, California. (ECF No. 1 at 3.) The court noted doubts as to whether there was state action – a necessary element of a § 1983 claim – but liberally construed the complaint to state a cognizable § 1983 claim against Mr. Etchison for excessive force and ordered the complaint served. Mr. Etchison filed a motion for summary judgment in which he argued that he did not assault Mr. Cross and that there was no state action.

   Mr. Cross has sent to the court a letter asking if his action "could be postponed until [his] parole from prison," which he expected to occur on February 16, 2016. (ECF No. 16.) He stated that he was having difficulties obtaining evidence (e.g., police reports, police statements, and witness statements) to prove his claim that Mr. Etchison assaulted him. He did not mention any

1 impediments in opposing the argument in the motion for summary judgment that there was no state
2 action.

3     The court will not postpone the action until Mr. Cross' release from prison based on the
4 information he has provided. A plaintiff is expected to prosecute an action once he files it, and his
5 failure to do so can be grounds for dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Mr.
6 Cross filed this action while he was in custody and should have been aware of the circumstances
7 from which he would be litigating. The defendant's interest also must be considered: having been
8 hailed into court as a result of Mr. Cross' complaint, Mr. Etchison is entitled to a reasonably prompt
9 resolution of the claim against him. The court also has an interest in not having cases and motions
10 linger on its docket without any progress toward resolution. Although Mr. Cross expects to be
11 paroled from prison in mid-February, that apparently would be only the beginning of his efforts to
12 request documents, locate witnesses and assemble an opposition to the motion for summary
13 judgment. He did not suggest when he might actually be ready to file his opposition. The
14 postponement thus could last several months beyond February 2016, and even longer if something
15 unexpected occurs in his living situation.

16     In evaluating the request for postponement, the court also considers the strong possibility that
17 this case is in the wrong court. Although the court was required to liberally construe the *pro se*
18 complaint to allege state action, the court noted doubts about state action and Mr. Etchison has
19 moved for summary judgment on that very ground.[1] If there was no state action, Mr. Cross should
20 be pursuing his claim in state court rather than in federal court. This threshold issue can and should
21 be decided soon. Mr. Cross has not shown that it is necessary for him to be released from custody
22 before he can obtain evidence showing that there has been state action.

23     For the foregoing reasons, Mr. Cross's request to postpone his action is DENIED. (ECF No.

---

[1] Mr. Etchison also argued in his motion for summary judgment that he did not physically assault Mr. Cross. Mr. Cross's verified complaint alone is sufficient to withstand that argument. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge).

**UNITED STATES DISTRICT COURT**
For the Northern District of California

16.) The court will give a limited extension of the deadlines on the pending motion for summary judgment. Mr. Cross must file and serve his opposition to the motion for summary judgment no later than **December 4, 2015**. Mr. Etchison must file and serve his reply in support of his motion for summary judgment no later than **December 18, 2015**. The December 17, 2015 hearing date that was set for the motion for summary judgment is VACATED. The motion will be decided based upon the parties' written submissions.

If Mr. Cross prefers to pursue his action at a later time, he may file a one-page "request for voluntary dismissal" in which he states simply that he requests that this action be dismissed without prejudice. If he files such a request, this action can be dismissed without prejudice to him filing a new action at a later date when he is ready to pursue his claims, subject to any statute of limitations. Then he would be able to later file a new action in federal or state court, but would have to pay a new filing fee.

Mr. Cross also requested a lie detector test. That request is DENIED. (ECF No. 16.) The court does not order or administer lie detector tests. Mr. Cross also recently filed a form on which he purported to decline to proceed before a magistrate judge. (ECF No. 15.) That form is of no effect because Mr. Cross earlier consented to proceed before a magistrate judge (ECF No. 1 at 4) and has not shown good cause or extraordinary circumstances to support the withdrawal of that consent. *See* 28 U.S.C. § 636(c)(4).

**IT IS SO ORDERED.**

Dated: November 5, 2015

_____
LAUREL BEELER
United States Magistrate Judge